[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were divorced on June 25, 1993 after a four year marriage. There are no minor children of the marriage. CT Page 6702
As part of the separation agreement, the parties entered into mutual protective orders which were to remain in effect for a period of 90 days following the entry of a decree of dissolution. The protective order provided that the order could be extended by the court beyond 90 days upon motion of either party for such additional time as the court deemed necessary.
On December 27, 1993 on motion by the plaintiff, the court, after a full hearing, extended the mutual protective orders until further order of the court.
The defendant, on motion, has now requested that the mutual protective orders be terminated. The plaintiff has objected to the termination of the protective orders. A full hearing was held on April 4, 1995.
The defendant gave a P.O. Box in Trumbull, Connecticut, as his residence. He indicated he also resides in Florida and New York. The defendant has been in the construction field as well as in the field of stocks and bonds and financial investments. The defendant claims to be between things right now. Within the last 30 days, he has traveled throughout the northeast — approximately seven states — on personal business. He has been out of the corporate world for the last 12 to 13 years. When pressed on several of his answers, the defendant was a little vague and secretive.
The plaintiff played several tapes of phone calls from the defendant which were of a menacing, threatening and harassing nature. The plaintiff felt intimidated and fearful of the defendant as a result of these phone calls. The plaintiff also related other acts of the defendant in which she felt threatened.
The calls were intimidating —
 indicating that the plaintiff would have to attend many counselling sessions with the defendant;
 that she would have to pay 40 times more in counsel fees; that the defendant would file motion, motion, motion — and stating "you know what happens when I get edgy."
The plaintiff had been under the care of a psychiatrist and perhaps became more easily agitated by the defendant's intimidating and repetitive comments. CT Page 6703
When the protective order was originally entered, the plaintiff received some relief from the constancy of these phone calls and other abusive conduct of the defendant.
The defendant has continued to file motions as he threatened to do, and he has continued to cause the plaintiff's legal fees to increase. Plaintiff's counsel indicated this was the fourth court appearance this year.
The tape with a whisper "Get you" coming shortly after the Simpson murder was extremely disconcerting to the plaintiff and rightly so.
In addition to leaving over 60 messages on the plaintiff's answering machine, the defendant also persisted in calling the plaintiff at her employment. The plaintiff has a responsible position at Brooks Brothers in New York and does a certain amount of travelling. She is able to retrieve all of her phone messages when she is away from her desk. The defendant is well aware of the plaintiff's employment and extension number.
The plaintiff felt threatened, anxious and nervous over these phone calls. After the divorce, she took several steps to avoid any contact with the defendant. However, the defendant persisted and left messages at the plaintiff's place of employment.
The plaintiff has gone to extreme limits to make her whereabouts unknown to the defendant. She obtained anew residence and has taken a post office box in Westport and New York, although she lives in Rowayton; she has an unlisted telephone number; no address is listed on her motor vehicle license; she has not given her new address to her bank, her insurance company or to her friends; she has changed her license plates. As a result of this motion, however, the defendant now knows of the plaintiff's current residence.
The court considers the prior events (prior to the divorce) relevant at this time and these events demonstrate the capacity and capability of the defendant to pursue a present and future course of conduct toward the plaintiff. The defendant's prior actions have to be measured appropriately to determine what weight to give the present allegations. And certainly, as Judge Norko points out in the Pendleton v. Menichino case (#505573, April 3, 1992), at some point in time the past actions lose any significance. CT Page 6704 However, Judge Norko goes on to say in each case the factual pattern requires close inspection by the court.
The tapes of the phone calls from the defendant as heard by this court constituted a continuing course of abuse by the defendant toward the plaintiff. It may be as previously pointed out that the plaintiff is more easily agitated then another. However, you take your victims as you find them.
The defendant claimed the existence of a protective order would affect his ability to obtain particular employment. As previously noted, the defendant has been out of the corporate world for approximately 12 to 13 years. He spends much time outside the State of Connecticut. No evidence was presented to indicate the defendant lost out on an employment opportunity due to the protective order being in place. A removal of the protective order would give the defendant a license to initiate a course of harassment, et cetera, through the telephone. Whispers, noises and hang ups would be difficult to prove as coming from the defendant.
The plaintiff is entitled to have her peace of mind and to be free from such conduct by the defendant.
The defendant's motion to terminate the protective order is denied.
The defendant argued that the protective order should have a period of definite duration rather than "until further order of the court". So that there will be no question in the future, the protective orders are continued in full force and effect for a period of five years from the date of this memorandum.
The plaintiff is awarded $2,000 in counsel fees payable by the defendant within 30 days of date.
Coppeto, J.